FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2014 FEB 12 A 11: 15
CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHNNY SMITH,

    Petitioner,

v.

CIVIL ACTION NO.: CV613-090

BRUCE CHATMAN, Warden, and
UNNAMED RESPONDENT,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnny Smith ("Smith"), an inmate at Georgia State Prison in Reidsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming he was denied his right to challenge his state court conviction through the state's post-conviction remedies. Respondent filed an Answer-Response and a Motion to Dismiss. Smith filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Smith's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Smith was convicted, after a jury trial, in the Tattnall County Superior Court of possession of cocaine with intent to distribute. Smith was sentenced as a recidivist to thirty years' imprisonment. The trial court suspended fifteen years of the sentence and ordered Smith to serve fifteen years' imprisonment. The Georgia Court of Appeals

affirmed Smith's conviction and sentence by order dated November 2, 2006. Smith v. State, 638 S.E.2d 388 (Ga. Ct. App. 2006).

On December 20, 2012, Smith filed a petition for writ of habeas corpus in the Tattnall County Superior Court challenging his conviction on three grounds: (1) there was insufficient evidence to support the verdict; (2) he received ineffective assistance of counsel; (3) there was no probable cause for arrest and evidence was illegally admitted at trial. A hearing on the petition was held, at which Respondent argued for dismissal of the petition as untimely and the court granted Smith thirty days after the receipt of the transcript to file a brief. That same day, the court erroneously entered an order dismissing Smith's petition as untimely; this was later vacated. A second hearing on the petition was scheduled for January 29, 2014.

Smith has filed three motions to vacate, set aside, or correct his sentence. His first motion was denied by the trial court, on July 30, 2012, and dismissed by the Georgia Court of Appeals for lack of jurisdiction because Smith did not "raise a colorable void sentence claim." (Doc. 8-6). Smith filed another motion to vacate, set aside, or correct sentence on January 18, 2013, asserting that the prosecution did not prove beyond a reasonable doubt the essential elements for the crime for which he was convicted. (Doc. 8-7, p. 4). This motion was denied by the trial court on February 4, 2013. Id. at 6.[1]

In this petition, filed on September 17, 2013, Smith claims that he was denied his right to challenge his conviction through post-conviction remedies. Smith asserts that:

---

[1] Smith filed a third motion to vacate on May 30, 2013, which was denied on June 24, 2013. (Doc. 8-7, pp. 15-16, 18). Smith filed motions to file out of time appeals. As Smith had already appealed his conviction and it was affirmed on appeal, these motions were dismissed. Id. at 7, 17. Smith also filed a writ of mandamus on April 9, 2013. Id. at 10-11.

(1) the February 2013 order denied his motion to vacate without any finding of fact; (2) he filed notices of appeal on February 7, 2013, and March 13, 2013, and received no response; (3) he filed an application for discretionary appeal on March 14, 2013, and received no response; and (4) he filed a petition for a writ of mandamus on March 29, 2013, and received no response. Smith asserts that his ineffective assistance of counsel claim supersedes the untimely procedural bar, and he requests that this Court determine his January 18, 2013, motion to vacate on the merits. Respondent alleges that Smith's petition fails to state a claim for relief, or if construed as challenging Smith's conviction, is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> Id.

AO 72A
(Rev. 8/82)

Absent any tolling, Smith undisputedly filed his § 2254 petition after the federal one-year limitations period expired. Smith's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Smith was convicted in the Tattnall County Superior Court on February 17, 2006, and he filed a direct appeal. The Georgia Court of Appeals affirmed Smith's conviction and sentence by order dated November 2, 2006. Pursuant to Georgia Supreme Court Rule 38, Smith had ten (10) days after judgment to file a notice of intention to apply for certiorari and had twenty (20) days after judgment to file a petition for certiorari. GA SUP. CT. R. 38. This Court finds no record of Smith having filed a writ of certiorari with the Georgia Supreme Court. Thus, his conviction became final on or about November 12, 2006, when his time for seeking review with the Georgia Supreme Court expired. The statute of limitations began to run on that date and Smith had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1). Smith filed this petition on September 17, 2013, which is nearly seven (7) years after the one-year limitation period expired.

As to statutory tolling, Smith failed to properly file an application for state collateral review that would toll the running of the one-year period. See 28 U.S.C. § 2244(d)(2) (permitting the time during which a properly filed application for post-conviction relief is pending to not be counted toward the period of limitation). Smith filed three motions to vacate and one petition for writ of habeas corpus in the state courts. Smith admitted that he initiated state post-conviction relief "seven or so years after his conviction." (Doc. 12, p. 1). "A state-court petition [ ] that is filed following the expiration

4

of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."). Smith's first motion was filed after the one-year period expired and could not function to toll this time limitation.

"Though § 2244(d)(2) sets forth the standard for 'statutory tolling' of § 2244(d)'s limitations period, this period-like most other nonjurisdictional limitations periods-is also subject to equitable tolling." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004). "It is by now clear in this Circuit that [e]quitable tolling can be applied to prevent the application of the [ ] statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." Drew v. Dep't of Corr., 297 F.3d 1278, 1287 (11th Cir. 2002) (alteration in original) (citation omitted) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).

"[E]quitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y of Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted). The United States Supreme Court held that "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." Holland v. Florida, 560 U.S. 631, 651-52 (2010). The "circumstances of a case must be 'extraordinary[,]'" which may be the case if the facts demonstrate an instance constituting far more than garden variety or excusable neglect. Id. at 652.

5

The Eleventh Circuit Court of Appeals' "precedents require not only 'extraordinary circumstances,' but also circumstances that are beyond the petitioner's control and unavoidable even with diligence." Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Sibley, 377 F.3d at 1204 (citation omitted) (quoting another source) ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.") The extraordinary circumstances must be "unavoidable even with diligence." Steed, 219 F.3d at 1300 (citation omitted). In determining whether a petitioner was diligent, the Eleventh Circuit previously

> held in Drew v. Dep't of Corrections, 297 F.3d 1278 (11th Cir. 2002), that equitable tolling was not warranted where the petitioner did not act with diligence in inquiring about the status of the case, but held in Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002) (per curiam), that equitable tolling was appropriate where the petitioner relied upon the clerk of court's representation that he would be notified of a court decision as soon as it was issued.

Webster v. Sec'y of Dep't of Corr., 384 F. App'x 979, 981 (11th Cir. 2010).

In Webster, the petitioner argued that "ineffectiveness of his appellate counsel was the sole reason his § 2254 petition was time-barred." Id. However, the petitioner "made only one inquiry as to the status of his appeal, three years after he filed the notice of appeal," which did not establish due diligence in investigating the status of his case, "nor did he rely on any affirmative representation of notification to excuse his lack of diligence." Id. 983. "Webster reminds that the judicial systems are operated by human beings who err. Defendants know this." Clarkson v. Williams, No. CV411-125, 2011 WL 2604792, at *3 (S.D. Ga. June 30, 2011). "They thus must make a reasonable inquiry, even if counsel tells them they may rest easy and do nothing, if in fact a large

6

amount of time marches by and nothing happens in their cases. But if someone or something external to them reasonably lulls them into inaction, then tolling may be applied." Id. (citation omitted).

Smith asserts that counsel failed to inform him that an appeal of his case was filed. Smith claims that if he were informed, he would have filed his habeas corpus petition and motion to vacate in a timely manner. Smith claims he has suffered prejudice as a result of counsel's failure to inform him about his appeal and advise him the he could pursue post-conviction relief through a habeas corpus petition.

Assuming Smith's counsel was negligent in failing to inform Smith of the appeal and of his ability to pursue post-conviction relief, that fact alone does not establish extraordinary circumstances beyond Smith's control. Even if counsel's failure to inform Smith of the appeal established extraordinary circumstances, Smith cannot show that he acted with due diligence. Similar to the petitioner in Webster, Smith did not inquire into the status of his case, he was not lulled into inaction, nor did he rely on any affirmative representation. Smith admits that he did not initiate any state post-conviction proceedings until "seven or so" years after his conviction. (Doc. 12, p. 1). Smith's lack of knowledge was not "unavoidable" and could have been resolved by diligently inquiring into the status of his case. Accepting Smith's contentions as true, Smith fails to demonstrate extraordinary circumstances beyond his control, due diligence, or that his lack of diligence is excused. Smith is not entitled to equitable tolling.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Smith's petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 12th day of February, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE