IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHNNY SMITH,

    Petitioner,

v.

BRUCE CHATMAN, Warden, and
UNNAMED RESPONDENT,

    Respondents.

CIVIL ACTION NO.: CV613-090

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Johnny Smith ("Smith") filed Objections. Smith contends that: (1) he is procedurally "barred by default" for "not filing his motion to vacate timely" and that such procedural default is a result of ineffective assistance of counsel; (2) the Sixth Amendment requires this default to be imputed to the state; (3) and that due diligence is not a factor in determining whether he is entitled to equitable tolling. (Doc. 15, pp. 2-3).

Smith's reliance on Coleman v. Thompson, 501 U.S. 722 (1991), is misplaced. In Coleman, the petitioner filed an untimely appeal of his state habeas proceedings, which was dismissed. 501 U.S. at 727. He then filed a petition for writ of habeas corpus in the federal district court, asserting four claims previously raised on direct appeal and seven claims raised for the first time in state habeas. Id. at 728. The district court

determined that the seven claims were procedurally defaulted; the Fourth Circuit Court of Appeals and the United States Supreme Court affirmed. Id. at 728-29.

Smith's claims were not procedurally defaulted as those in Coleman, nor is it necessary for Smith to establish cause in order to excuse a default. Smith's federal habeas petition is barred as untimely. In order for a petitioner to be entitled to equitable tolling, he must establish both extraordinary circumstances beyond the petitioner's control and due diligence. As the Magistrate Judge correctly noted, Smith failed to demonstrate either requirement.

Smith is not entitled to statutory tolling or equitable tolling and his Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Smith's 28 U.S.C. § 2254 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 21 day of March, 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)